IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO: 5:21-cv-00365-BO

| | |
|---|---|
| STEPHEN R. PORTER, PH.D., <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF TRUSTEES OF NORTH CAROLINA STATE UNIVERSITY, W. RANDOLPH WOODSON, MARY ANN DANOWITZ, JOY GASTON GAYLES, JOHN K. LEE, AND PENNY A. PASQUE, individually and in their official capacities, <br><br> Defendants. | DEFENDANTS' OBJECTION AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS |

NOW COME Defendants, by and through undersigned counsel, and pursuant to Local Rule 7.2, and hereby submit this Objection and Response in Opposition to Plaintiff's Motion to File a Sur-Reply in Opposition to Defendants' Motion to Dismiss (D.E. 24).

## STATEMENT OF THE NATURE OF THE CASE AND STATEMENT OF FACTS

Defendants adopt and incorporate by reference herein the Nature of the Case and Statement of Facts from their Memorandum in Support of Motion to Dismiss. (D.E. 16 at 2-9).

## ARGUMENT

**I.  Plaintiff has not shown good cause for leave to file a sur-reply**.

Neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide for the filing of sur-reply briefs. See E.D.N.C. Local Civil Rule 7.1 (2022) (proper motion practice consists only of a motion and an accompanying supporting memorandum, a response, and a reply; reply briefs are discouraged); Freeman v. City of Fayetteville, 971 F. Supp. 971, 973 n.1 (E.D.N.C. 1997) ("The

Local Rules of this court do not allow for the submission of sur-replies."); First Financial Sav. Bank, Inc. v. American Bankers Ins. Co., No. 88-33-CIV-5-H, 1990 U.S. Dist. LEXIS 15677, at *4 (E.D.N.C. Aug. 28, 1990) (denying motion for leave to file a sur-reply because there is no provision in the rules, and replies to responses are discouraged). "Thus, courts generally allow a party to file a surreply 'only when fairness dictates based on new arguments raised in the previous reply.'" Ivanova-Nikolova v. East Carolina Univ., No. 4:08-CV-209-BR, 2011 U.S. Dist. LEXIS 64788, at *16 (E.D.N.C. June 17, 2011) (quoting DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C.2010)); see also Beaulieu v. EQ Indus. Servs., No. 5:06-CV-400-BR, 2008 U.S. Dist. LEXIS 66950, at *14 (E.D.N.C. Aug. 22, 2008) (denying defendants' motion for leave to file surreply in part because the reply did not raise substantial issues not presented in the response but instead was responsive to the reply).

A sur-reply brief is not appropriate in this case because Defendants did not raise new arguments in their Reply. Plaintiff contends that a sur-reply brief is warranted because Defendants' raised for the first time in their Reply that Plaintiff "'seeks retrospective relief only' and is not alleging an ongoing constitutional violation." (D.E. 24 at ¶1). This is not so; in their Reply, Defendants only responded to arguments raised by *Plaintiff* in his *Response*. (D.E. 23). Plaintiff specifically argued in his Response that the Eleventh Amendment did not prevent him from recovering damages and that he was entitled to "prospective relief against the Defendants . . . in their official capacities" under Ex parte Young, 209 U.S. 123 (1908). (D.E 22 at 5-6). Ex parte Young provides an exception to Eleventh Amendment immunity in Section 1983 claims where suit is brought against state officials and "(1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." Republic of Paraguay v. Allen, 134 F.3d 622, 627 (4th Cir.1998).

Defendants' Reply was limited to addressing the Ex parte Young exception to the Eleventh Amendment immunity and explaining that Plaintiff's requested relief did not meet the requirements. (D.E. 23 at 3-4). Plaintiff should have anticipated that Defendant would respond to the arguments raised in his Response concerning the Ex parte Young exception. "Where 'the arguments made by [d]efendants in their reply brief are merely responses to new arguments made by [p]laintiffs in their response', a sur-reply is not appropriate." EEOC v. Freeman, 961 F. Supp. 2d 783, 801 (D. Md. 2013), aff'd in part sub nom. EEOC v. Freeman, 778 F.3d 463 (4th Cir. 2015). In Freeman, the court denied the plaintiff's motion to allow a sur-reply, noting that the purported new arguments in the reply brief "could not have come as a surprise" to the plaintiff, as the defendant had included the arguments in its reply only because the plaintiff had raised those issues in its response to the summary judgment motion. Id. The court concluded that "[d]efendant's 'new' arguments and evidence are more correctly characterized as responsive arguments to the claims raised in the [plaintiff's] opposition brief." Id.; see also Clear Channel Outdoor, Inc. v. Mayor of Baltimore, 22 F. Supp. 3d 519, 529 (D. Md. 2014) (denying motion for leave to file sur-reply because "[t]hough the City makes new subject matter jurisdiction arguments in its reply, the arguments respond directly to those Clear Channel makes in its response[]"); DiPaulo, 733 F. Supp. at 670 (reply that simply responded to argument and supporting declaration in response brief did not merit sur-reply); Neighborhood Networks Publ'g, Inc. v. Lyles, No. 7:19-CV-89-BO, 2021 U.S. Dist. LEXIS 18445, at *9 (E.D.N.C. Feb. 1, 2021) (denying sur-reply where defendant addressed the issues raised in the response brief).

Additionally, Plaintiff incorrectly argues that a sur-reply is necessary so that he can present a recently-decided district court decision from the Fifth Circuit, Jackson v. Wright, 2022 U.S. Dist. LEXIS 8684 (N.D. Tex. Jan. 18, 2022). (D.E. 24 at ¶2, D.E. 24-1 at 4-5). In his attached proposed sur-reply (Exhibit 1 to D.E. 24), Plaintiff presents arguments that the holding in Jackson somehow

3

overcomes the deficiencies in his legally flawed freedom of speech retaliation claim (which it does not, as it is not from this jurisdiction and involves completely different facts). Id. Plaintiff's attempt to present additional arguments under the guise of subsequently-decided authority is improper and should not be allowed. Local Rule 7.1(h) states that:

> [a] suggestion of subsequently decided **controlling authority, without argument,** may be filed and served at any time prior to the court's ruling and shall contain only the citation to the case relied upon if published or a copy of the opinion if the case is unpublished.

E.D.N.C. Local Civil Rule 7.1(h) (2022) (emphasis added). "[D]ecisions in one circuit are not binding on district courts in another circuit[.]" Va. Soc'y for Human Life, Inc. v. FEC, 263 F.3d 379, 394 (4th Cir. 2001), overruled in part on other grounds by Real Truth About Abortion, Inc. v. FEC, 681 F.3d 544, 550 n.2 (4th Cir. 2012). Plaintiff concedes that the Jackson holding is "not controlling," and admits that is the reason he "did not file a Notice of Subsequently Decided Authority[.]" (D.E. 24 at ¶2). Even if the Jackson holding was controlling authority, Local Rule 7.1(h) does not authorize a party to assert legal argument in citing to subsequent decided authority. Therefore, Plaintiff has failed to demonstrate good cause to file a sur-reply.

Accordingly, for the reasons above, Defendants request that Plaintiff's Motion be denied. Plaintiff had ample opportunity to present his arguments in his Response, and no grounds support any need or entitlement to additional briefing.

## II. Plaintiff's motion is procedurally defective and fails to comply with Local Rule 7.1(e).

Plaintiff failed to follow the Local Rules again when he filed his motion without a supporting memorandum. The Local Rules *do* require that "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum." E.D.N.C. Local Rule 7.1 (2022); see also Laschkewitsch v. Legal & Gen. Am., Inc., No. 5:15-CV-251-D, 2017 U.S. Dist. LEXIS 36089,

4

at * 4 (E.D.N.C. March 14, 2017) ("Implicit in the requirement that a supporting memorandum accompany all motions is a requirement that the supporting memorandum comply with the relevant Local Civil Rules."). Plaintiff did not file an accompanying memorandum in support of his motion as required by Local Rule 7.1(e). This Court has consistently denied motions for failure to attach a supporting memorandum. See, e.g., Mission Essential Pers.. LLC v. Worldwide Language Res., Inc., No. 5:12-CV-294-D, 2013 U.S. Dist. LEXIS 139868, at *4-5 (E.D.N.C. Sept. 27, 2013) (denying plaintiff's motion for summary judgment for failure to file a supporting memorandum); Higgins v. Spence & Spence, PA., No. 5:07-CV-33-D(1), 2009 U.S. Dist. LEXIS 16392, at *2 (E.D.N.C. Mar. 3, 2009) (denying motion to dismiss for failure to file a memorandum in support of the motion); Williams v. Black, No. 5:07-CT-3170-D, 2008 U.S. Dist. LEXIS 107723, at *3 (E.D.N.C. Oct. 10, 2008) (denying motion to compel where a supporting memorandum was not filed contemporaneously); Nationwide Mut. Ins. Co. v. McMahon, 365 F. Supp. 2d 671, 673 (E.D.N.C. 2005) (denying a motion to change venue for failure to file a supporting memorandum). This failure serves as another basis for denying the motion.

## CONCLUSION

For the reasons above, Defendants request that Plaintiff's motion to file a sur-reply be denied. Plaintiff has failed to show that fairness dictates a sur-reply. If the Court allows the sur-reply, Defendants request that they be allowed an opportunity to respond to the arguments raised therein.

This the 11th day of March, 2022.

                                JOSHUA H. STEIN
                                Attorney General

                                /s/Vanessa N. Totten
                                Vanessa N. Totten
                                Special Deputy Attorney General
                                N.C. State Bar No. 27905
                                E-mail: vtotten@ncdoj.gov

/s/Kari R. Johnson
Kari R. Johnson
Special Deputy Attorney General
N.C. State Bar No. 16033
E-mail: kjohnson@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
T: (919) 716-6920
F: (919) 716-6764
*Counsel for Defendants*

**CERTIFICATE OF COMPLIANCE WITH PAGE LIMIT**

The undersigned hereby certifies that the foregoing memorandum complies with Rule 7.2(f) of the Local Rules in that, according it does not exceed 30 pages in length, excluding the cover page, signature pages, and certificate of compliance and service pages.

Respectfully submitted this the 11th day of March, 2022.

JOSHUA H. STEIN
Attorney General

/s/Vanessa N. Totten
Vanessa N. Totten
Special Deputy Attorney General
N.C. State Bar No. 27905
E-mail: vtotten@ncdoj.gov

/s/Kari R. Johnson
Kari R. Johnson
Special Deputy Attorney General
N.C. State Bar No. 16033
E-mail: kjohnson@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
T: (919) 716-6920
F: (919) 716-6764

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' OBJECTION AND RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Samantha K. Harris, sharris@allenharrislaw.com, and Jonathan A. Vogel, jonathan.vogel@vogelpllc.com.

Respectfully submitted this the 11th day of March, 2022.

>                                JOSHUA H. STEIN
>                                Attorney General
>
>                                /s/Vanessa N. Totten
>                                Vanessa N. Totten
>                                Special Deputy Attorney General
>                                State Bar No. 27905
>                                E-mail: vtotten@ncdoj.gov
>
>                                N.C. Department of Justice
>                                Post Office Box 629
>                                Raleigh, NC 27602-0629
>                                Telephone: (919) 716-6920
>                                Fax: (919) 716-6761
>
>                                *Counsel for Defendants*